| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br>------------------------------------------------------------<br>IN RE:<br><br>BLUEROCK ENERGY, INC.,<br><br><br>                              Debtor.<br>------------------------------------------------------------ | **Hearing Date:**     July 8, 2021<br>**Hearing Time:**     11:30 a.m.<br>**Hearing Location:**  Syracuse, NY (via AT&T Conference Line)<br><br>Case No. 20-31211<br>Chapter 11 |

### UNITED STATES TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 1112(b) FOR CONVERSION TO CHAPTER 7, OR IN THE ALTERNATIVE, DISMISSAL

TO: HONORABLE WENDY A. KINSELLA, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3),(5), hereby submits this application for an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this case, pursuant to 11 U.S.C. § 1112(b)(4)(A) & (I).  In support of the relief requested, the United States Trustee represents and alleges as follows:

1. Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases filed under Chapter 11.

2. Section 586(a)(8) of title 28 states that "in any case in which the United States Trustee finds material grounds for relief under section 1112 of title 11, the United States Trustee shall apply promptly after making that finding to the court for relief."

3. According to 11 U.S.C. § 307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding.

4. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 157(b)(2)(A).

1

## BACKGROUND

5.  BlueRock Energy, Inc., (hereinafter "Debtor") commenced this case by filing a voluntary petition under Chapter 11 on November 30, 2020. Barclay Damon, Jeffrey A. Dove, Esq., represents the Debtor.

6.  No unsecured creditors' committee was appointed in this case.

7.  The Debtor's business concerned the purchase and sale of electricity and gas to primarily business customers. Prior to the case filing, the Debtor sold its book of business and certain related assets to Marathon Power LLC ("Marathon"). The Debtor ceased to operate and has no employees.

8.  Upon information and belief, the reason for the Debtor's filing was to give the Debtor an opportunity to resolve pending state court litigation commenced by Marathon relative to the pre-petition sale. On March 1, 2021, the Court entered an Order Approving Settlement between the Debtor and Marathon which resolved Marathon's claim.

9.  Subsequently, on May 4, 2021, the Court entered an Order Approving Settlement between the Debtor and Warren Associates LLC, an administrative claimant.

10. The Debtor filed only one Monthly Operating Report ("MOR") covering the period of February, 2021 since the case was commenced.

11. Other than the foregoing, there has been no significant activity in this case since its filing.

## ARGUMENT

### CONVERSION OR DISMISSAL IS WARRANTED PURSUANT TO
### 11 U.S.C. § 1112(b)(4)(A) & (H)

12. Pursuant to 11 U.S.C. § 1112(b)(4)(A), cause for conversion or dismissal of a debtor's Chapter 11 case may be grounded in a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

13. The language of § 1112(b)(4)(A) is nearly identical to the pre-BAPCPA language in § 1112(b)(1), which referred to "continuing loss to or diminution of the estate and absence of reasonable likelihood of rehabilitation." *See In re Gateway Access Solutions, Inc.* 374 B.R. 556, 562 (Bankr. M.D. Pa. 2007). Consequently, the analyses employed prior to the enactment of the BAPCPA, with regard to 11 U.S.C. § 1112(b)(1), remain relevant when considering a motion to dismiss or convert based on 11 U.S.C. § 1112(b)(4)(A). *See id.*

14. Courts have held that a negative cash flow post-petition and an inability to pay current expenses constitute a loss to or diminution of the estate. *See In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) (citations omitted); *In re Motel Properties, Inc.*, 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004).

15. The Debtor has no operations, no income, and no activity in the case. Consequently, the continuation of this case will only serve to increase administrative expenses and to further diminish the value of the estate.

16. Indeed, the single MOR filed in the case shows a bleak cash position. By the end of February, 2021, the Debtor had a mere $5,229.74 in its bank account. With no ongoing operations, the Debtor has no ability to pay administrative expenses such as United States Trustee Quarterly Fees and professional fees.

17. Pursuant to 11 U.S.C. § 1112(b)(4)(H), cause for conversion or dismissal of a debtor's Chapter 11 case may be grounded in a "failure timely to provide information or attend meetings reasonably requested by the United States trustee… ."

18. The Debtor has failed to file its MOR timely, having only filed one MOR over the six months that the case has been pending.

19. The failure to timely file operating reports deprives the United States Trustee, the Court and other parties in interest the opportunity to properly analyze the status of the case. Therefore, based on the foregoing, cause exists to convert this case, pursuant to 11 U.S.C. §1112(b)(4)(H).

20. Therefore, the United States Trustee submits that grounds exist for the Court to convert or dismiss this case to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(A) & (H).

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order converting this case from Chapter 11 to Chapter 7, or dismissing this case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: Utica, New York
       June 8, 2021

                                    Respectfully submitted,

                                    **WILLIAM K. HARRINGTON**
                                    **UNITED STATES TRUSTEE**
                                    **FOR REGION 2**

                                    */s/ Erin P.Champion*
                                    ERIN P. CHAMPION
                                    TRIAL ATTORNEY
                                    10 Broad Street
                                    Suite 105
                                    Utica, New York 13501
                                    Tel: No. (315) 793-8191
                                    Fax: No. (315) 793-8133